UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STACY MCINTYRE, et al.

            Plaintiffs,            Case No. 15-cv-12214

v                                                  Honorable Thomas L. Ludington

OGEMAW COUNTY BOARD OF COMMISSIONERS,
et al.,

            Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

On June 18, 2015 Plaintiffs filed this putative class action on behalf of all female inmates of the Ogemaw County Jail who participated in a certain Sheriff Work program, or elected not to participate in the program due to fears of constitutional violations related to the program, against Defendants Ogemaw County Board of Commissioners, Howie S. Haft, and James Raymond Gustafson. ECF No. 1. Plaintiffs filed an amended complaint on August 18, 2015, alleging that Gustafson, a former employee of the Ogemaw County Sheriff Department, assaulted, battered and sexually harassed female inmates who were incarcerated at the Ogemaw County Jail and involved in the Work Program. *Id*. Plaintiffs allege five counts arising from Defendants' conduct: (1) Deprivation of civil rights in violation of 42 U.S.C. § 1983; (2) Gross negligence; (3) Assault and battery; (4) Invasion of privacy; and (5) Negligent and Intentional infliction of emotional distress.

Plaintiffs contend that they learned of five additional putative class members during discovery. ECF No. 36. On February 5, 2016 Plaintiff moved for leave to file an amended

complaint, seeking to join Candice McCarthy, Alyssa Oliver, Anna Maldonado, Angela Scherer, and Janet Kamen as plaintiffs. Defendants do not oppose the addition of Candice McCarthy, but argue that Plaintiffs' proposed amendment is futile as to the other four proposed plaintiffs. ECF No. 17. Because Defendants are correct, Plaintiff's motion to amend will be granted in part and denied in part.

I.

Plaintiffs' factual allegations are presumed true for purposes of evaluating whether to grant the motion to amend. Plaintiffs in this action are former inmates of the Ogemaw County Jail. Defendant Board of Commissioners of Ogemaw County is a governmental agency which Plaintiffs allege operates the Ogemaw County Sheriff Department. At all relevant times, Defendant Hanft was the Ogemaw County sheriff and Defendant Gustafson's commanding officer. Defendant Gustafson, an employee of Ogemaw County, allegedly ran a Sheriff Work Program and supervised inmate-participants.

Plaintiffs claim that Gustafson made improper sexual advances and unprivileged touchings of female participants of the work program. Plaintiffs also claim that Gustafson's conduct was a "de facto policy" of Ogemaw County and the Ogemaw County Sheriff's department for a substantial period of time. Defendants allegedly tolerated Gustafson's conduct, as evidenced by (1) Failing to obtain proper approvals from the 34th Circuit Court as required by MCL 51.251; (2) Failing to properly train, discipline, restrict, and control Gustafson; (3) Failing to take adequate precautions in hiring, promoting, and retaining department employees; (4) Failing to establish a proper system for dealing with sexual misconduct; (5) Failing to discipline employees who engaged in sexual misconduct; and (6) Discouraging female inmates and family

members from expressing their complaints. Plaintiffs claim that maintenance of this action as a class action is superior to adjudicating the individual claims.

On February 5, 2016, Plaintiffs moved for leave to file a second amended complaint, seeking to add five additional plaintiffs to the putative class. ECF No. 36. Plaintiffs allege that two of the proposed class members, Candice McCarthy and Alyssa Oliver, were inmates and participants in the work program. Plaintiffs allege that the other three proposed class members, Anna Maldonado, Angela Scherer, and Janet Kamen (the "Family Member Plaintiffs"), were not participants in the Work Program. Instead, Plaintiffs allege that they were assaulted, battered and sexually harassed by Gustafson when they visited family members who were assigned to the Work Program. Plaintiffs therefore seek to expand the putative class to include females incarcerated in the Ogemaw County Jail who participated in the Work Program, and female family members of inmates who were present at program work sites. Defendants filed a response in opposition to Plaintiff's motion on February 22, 2016. ECF No. 40. Plaintiffs did not file a reply.

## II.

Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (internal citations and quotations omitted). Factors that courts should consider when determining whether to grant leave to amend include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment…." *Hageman v. Signal L.P. Gas, Inc.,* 486 F.2d 479,

484 (6th Cir. 1973). "Decisions as to when justice requires amendment are left to the sound discretion of the trial judge[.]" *Robinson v. Michigan Consol. Gas Co. Inc.,* 918 F.2d 579, 591 (6th Cir. 1990).

### A.

Defendants do not oppose the proposed addition of Candice McCarthy. Accordingly Plaintiffs' motion for leave to amend will be granted as to her addition to the putative class.

### B.

Defendants claim that Plaintiffs' proposed amendment is futile to the extent Plaintiffs seek to add Alyssa Oliver and the Family Member Plaintiffs. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010) (internal citation and quotation marks omitted). A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert*, 517 F.3d at 439. The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 570).

### i.

Defendants first argue that Plaintiffs' proposed joinder of Alyssa Oliver would be futile. Defendants claim that Ms. Oliver was last an inmate at Ogemaw Jail on June 15, 2012, and that her claims are therefore barred by the relevant statutes of limitations. Plaintiffs have not disputed that Ms. Oliver was last an inmate at Ogemaw Jail on June 15, 2012.

Under federal law, "the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action[,] and… a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *McCune v. City of Grand Rapids* 842 F.2d 903, 905 (6th Cir.1988) (citing *Wilson*, 471 U.S. at 268-71). Because Ms. Oliver was not incarcerated at the Ogemaw Jail at any time after June 15, 2012, all incidents giving rise to her claim must have occurred prior to that date. Plaintiffs do not allege that Ms. Oliver was unaware of her alleged injuries at the time the wrongful actions allegedly took place. Accordingly, the relevant date for statute of limitations purposes is June 15, 2012.

Defendants argue that Ms. Oliver would be barred from asserting her 42 U.S.C. § 1983 claim under the relevant statute of limitations. For purposes of § 1983 actions, federal courts apply state personal injury statute of limitations. *See Wilson v. Garcia,* 471 U.S. 261, 276, (1985). In Michigan, a three-year statute of limitations applies to federal claims brought under § 1983. *See* M.C.L. § 600.5805(10); *Cantu v. Michigan Dep't of Corr.*, 653 F. Supp. 2d 726, 742 (E.D. Mich. 2009). Because Ms. Oliver cannot satisfy the three-year statute of limitations, her § 1983 claim would be futile.

Defendants next argue that Ms. Oliver cannot satisfy the two-year statute of limitations that applies to assault and battery claims. *See* M.C.L. § 600.5805(2). Defendants are correct, and Ms. Oliver's assault and battery claim would also be futile.

Finally, Defendants argue that Ms. Oliver's remaining claims are barred under the general three-year statute of limitations for personal injury actions. *See* M.C.L. § 600.5805(10). Defendants are correct, and Ms. Oliver's remaining tort claims would again be futile. Because Ms. Oliver cannot satisfy the statute of limitations for any of her proposed claims, joining her to the action would be futile.

### ii.

Defendants next argue that the proposed Family Member Plaintiffs' claims are substantially dissimilar to the claims brought by the existing Plaintiffs. Under Federal Rule of Civil Procedure 20, persons may be joined as plaintiffs in an action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(2). "Joinder is encouraged because it avoids multiple lawsuits involving similar or identical issues." *Pasha v. Jones*, 82 F.3d 418 (6th Cir. 1996) (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332-33 (8th Cir. 1974)). Rule 20 is permissive, not mandatory, and so allowing a party to amend its complaint in order to add a party under Rule 20 is a matter for this Court's discretion.

Plaintiffs allege that joinder of the Family Member Plaintiffs is proper because all claims share the same transaction or occurrence – namely the operation of a "rogue" work program supervised by Gustafson. However, the relevant questions of law and fact would be materially different for the Family Member Plaintiffs, who were not under the custody of Defendant Ogemaw County or participants of the Work Program supervised by Gustafson. The Defendants' duty to the Family Member Plaintiffs would be materially different from their duty to the incarcerated Plaintiffs. Furthermore, questions of consent material to the Family Member

Plaintiffs would be irrelevant to the incarcerated Plaintiffs.[1]  Plaintiff's proposed addition of the Family Member Plaintiffs will therefore be denied.

### III.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to file a second amended complaint, ECF No. 36, is **GRANTED IN PART AND DENIED IN PART**.  Plaintiffs are **GRANTED LEAVE** to file a second amended complaint joining Candice McCarthy as a Plaintiff.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 17, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 17, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager

---

[1] While irrelevant to the Plaintiffs' current request, it is noted that joinder of the Family Member Plaintiffs would also undercut Plaintiffs' ability to meet the requirements for class certification under 23(a) and (b).

- 7 -