UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STACY MCINTYRE, et al.

            Plaintiffs,                         Case No. 15-cv-12214

v                                             Honorable Thomas L. Ludington

OGEMAW COUNTY BOARD OF
COMMISSIONERS, et al.,

            Defendants.

_____/

**ORDER GRANTING IN PART DEFENDANTS OCBC AND HANFT'S
MOTION FOR SUMMARY JUDGMENT AND DISMISSING PLAINTIFF BEACH**

On June 18, 2015 Plaintiffs filed this putative class action on behalf of all female inmates of the Ogemaw County Jail who participated in a certain Job Work program (the "Work Program"), or elected not to participate in the Work Program due to fears of constitutional violations related to the program, against Defendants Ogemaw County Board of Commissioners ("OCBC"), Howie S. Hanft, and James Raymond Gustafson. ECF No. 1. Plaintiffs filed an amended complaint on August 18, 2015, alleging that Gustafson, a former employee of the Ogemaw County Sheriff Department, assaulted, battered and sexually harassed female inmates who were incarcerated at the Ogemaw County Jail and involved in the Work Program. *Id*. Plaintiffs allege five counts arising from Defendants' conduct: (1) Deprivation of civil rights in violation of 42 U.S.C. § 1983; (2) Gross negligence; (3) Assault and battery; (4) Invasion of privacy; and (5) Negligent and Intentional infliction of emotional distress.

Upon Plaintiffs' request, the clerk entered default as to Defendant Gustafson on August 20, 2016. *See* ECF No. 16. On June 9, 2016 Defendants OCBC and Hanft moved for summary

judgment on the claims of ten of the named Plaintiffs. *See* ECF No. 53. Defendants argue that the claims of the ten Plaintiffs are barred by the relevant statute of limitations, by prior release and waiver, and by the consensual nature of certain activity. *Id.* For the reasons stated below Defendants Hanft and OCBC's motion will be granted.

**I.**

Plaintiffs in this action are former inmates of the Ogemaw County Jail. Defendant OCBC is a governmental agency which Plaintiffs allege operates the Ogemaw County Sheriff Department. At all relevant times, Defendant Hanft was the Ogemaw County sheriff and Defendant Gustafson's commanding officer. Defendant Gustafson, an employee of Ogemaw County, allegedly ran a Work Program and supervised inmate-participants. The Work Program, which has been in place for many years, allows Ogemaw County inmates to work off a portion of their sentence through supervised community service work. Gustafson was ultimately convicted for criminal sexual conduct based on his conduct with two of the Work Program's female inmates, and is currently incarcerated.

In their amended complaint Plaintiffs, who were all female participants in the Work Program at various times, allege that Gustafson made improper sexual advances and unprivileged touchings of them while they were under his supervision. Plaintiffs also claim that Gustafson's conduct was a "de facto policy" of Ogemaw County and the Ogemaw County Sheriff's department for a substantial period of time. Defendants allegedly tolerated Gustafson's conduct, as evidenced by (1) failing to obtain proper approvals from the 34th Circuit Court as required by MCL 51.251; (2) Failing to properly train, discipline, restrict, and control Gustafson; (3) Failing to take adequate precautions in hiring, promoting, and retaining department employees; (4) Failing to establish a proper system for dealing with sexual misconduct; (5)

Failing to discipline employees who engaged in sexual misconduct; and (6) Discouraging female inmates and family members from expressing their complaints. Plaintiffs claim that maintenance of this action as a class action is superior to adjudicating the individual claims.

Defendant Gustafson, who remains incarcerated, is unrepresented in this matter, and did not respond to either Plaintiffs' original complaint or first amended complaint. Accordingly, Plaintiffs requested that default be entered as to Gustafson on August 19, 2015. *See* ECF No. 15. The Clerk then entered default as to Gustafson on August 20, 2015. *See* ECF No. 16.

On February 5, 2016, Plaintiffs moved for leave to file a second amended complaint, seeking to add five additional plaintiffs to the putative class. ECF No. 36. Plaintiffs alleged that two of the proposed class members, Candice McCarthy and Alyssa Oliver, were inmates and participants in the work program. Plaintiffs alleged that the other three proposed class members, Anna Maldonado, Angela Scherer, and Janet Kamen were not participants in the Work Program, but were allegedly assaulted, battered and sexually harassed by Gustafson when they visited family members who were assigned to the Work Program. Plaintiffs' request to expand the class to include family members was denied, and Plaintiffs' request to join Alyssa Oliver was denied because her claims fell outside the relevant statutes of limitation. While the Court granted Plaintiffs' request to join Candice McCarthy on March 17, 2016, Plaintiffs have not filed a second amended complaint.

Defendants Hanft and OCBC now move for summary judgment on the claims of ten of the named Plaintiffs. Specifically, Defendants argued that the claims of Plaintiffs Candy Olstrom, Heather Miles, Tina Bahr, Aleena Grisham, Tammy McElroy and Tina Terkawi should be dismissed for failing to meet the required statute of limitations, Plaintiff June Beach's claims should be dismissed based on a prior release and waiver, and that Plaintiff Kimberly Connor's

claims should be dismissed due the consensual nature of her activity. Furthermore, Defendants argue that the claims of Krystal Waterman Rush and Misty Edward should be dismissed for failure to comply with the relevant statute of limitations, and that, even if the five year statute of limitations claim applies pursuant to Michigan Compiled Law § 600.5805(3) their conduct was consensual.

## II.

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The Court must view the evidence and draw all reasonable inferences in favor of the non-movant and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

### A.

Defendants Hanft and OCBC first argue that summary judgment should be granted as to Plaintiff June Beach's claims because her claims are barred by a prior release and waiver. As pointed out by Defendants, Plaintiff Beach filed her own action against Defendants OCBC and Howie Hanft on September 5, 2014. *See Beach v. Hanft, et al.,* Case No. 14-cv-13463 (E. D. Mich. Sept. 5, 2014. In her complaint Beach alleged four counts pursuant to 42 U.S.C. § 1983 arising out of Defendants' failure to act and operate the jail consistent with the Eight and

Fourteenth Amendments. *Id.* ECF No. 1. Pursuant to a stipulated dismissal entered into by the parties, that action was dismissed on March 26, 2015. *Id*. ECF No. 13. The stipulated dismissal was the result of a confidential settlement agreement entered into by the parties. *See* Settlement Agreement, ECF No. 53-13. In relevant part, that agreement states as follows:

> 4. **Release**. In exchange for the [payment to Beach], BEACH, on behalf of herself, her family, heirs, husband, and all other third parties, hereby discharges OGEMAW, its Board of Trustees, employees, officers, fiduciaries, directors, all third parties not listed in this matter, but which BEACH could have added as defendants, and all other elected officials and non-elected officers (collectively "Releasees") of and from any and all actions, causes of action, suits of any nature, charges, complaints, arbitrations, administrative proceedings, liabilities obligations, promises, agreements, controversies, damages, and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever, known or unknown, in law or equity, arising out of BEACH's incarceration, participation in the "Job Works" program, all claims asserted in Civil Action, and all other claims including, without limitation any rights or claims under any State and Federal statutes or common law including: the 42 U.S.C. Section 1983 and 1988, Title VII, Michigan Elliot Larsen Civil Rights Act, claims for any personal injury claim for any tort (federal or state); claim for intentional infliction of emotional distress; and all other claims under any other federal and state laws, as well as any claim based on contract or implied contract rights, and any other purported violations of federal or state laws governing OGEMAW as of the date of this Agreement.
>
> a. In making this Agreement, BEACH acknowledge[s] that she may later discover facts different from or in addition to those now known or believed to be true at this time. The releases and waivers contained in this Agreement are made notwithstanding the existence of such different or additional facts. BEACH further acknowledges that she may hereafter discover claims or facts in addition to or different from those which she now knows or believes to exist in connection with this Agreement and the Civil Action filed. Those facts, if known or suspected at the time of executing this Agreement, may have materially affected this Agreement. Nevertheless, BEACH waives any claims or causes.

*Id*.

To the extent that Plaintiffs dispute the applicability of the release and settlement agreement to the present case, their arguments are without merit. Because Beach explicitly

waived all claims arising out of Ogemaw County's Job Works program, including all § 1983 claims and all state law tort claims, her claims against Defendants OCBC and Hanft are barred.

Even though Defendant Gustafson is in default and has not challenged Beach's claims, her claim against him will be dismissed as well. Under Rule 55(c) the Court may set aside an entry of default for good cause. Because Beach explicitly waived all claims arising out of Ogemaw County's Job Works program, and because Gustafson is a third party that could have been added to her previous lawsuit, she has voluntarily relinquished her right to pursue an action against him. Beach's default against him will be set aside, and she will be dismissed from this action.

**B.**

Defendants OCBC and Hanft also move for summary judgment on the claims of numerous Plaintiffs based on statute of limitations. For purposes of § 1983 actions, federal courts apply state personal injury statute of limitations. *See Wilson v. Garcia,* 471 U.S. 261, 276, (1985). Michigan's general three-year statute of limitations for personal injury actions applies to federal claims brought under § 1983. *See* M.C.L. § 600.5805(10); *Cantu v. Michigan Dep't of Corr.*, 653 F. Supp. 2d 726, 742 (E.D. Mich. 2009). For purposes of Plaintiffs' assault and battery claims, a two-year statute of limitations applies under Michigan law. *See* M.C.L. § 600.5805(2). All other claims in this case are governed by Michigan's general three-year statute of limitations for personal injury actions. *See* M.C.L. § 600.5805(10).

**i.**

Plaintiffs concede that the two and three year statutes of limitation apply to the claims of Plaintiffs Olstrom (released from jail on March 25, 2010), Miles (released from jail on August 4, 2011), Bahr (released from jail on July 25, 2011), Grisham (released from jail in February of

2012), McElroy (released from jail in August of 2011) and Terkawi (released from jail on September 9, 2011). Plaintiffs argue, however, that Plaintiffs' claims did not accrue until the lawsuit was filed and that their injuries were ongoing until the Work Program was granted Court approval in October of 2013 under Michigan Compiled Law § 51.281. In the alternative, Plaintiffs argue that equitable tolling should apply.

**a.**

Plaintiffs' accrual claims are without merit with regard to both their federal and state claims. For the purpose of federal § 1983 claims, "the statute of limitations begins to run when the plaintiff knows or has reason to know of the *injury* which is the basis of his action[,] and… a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *McCune v. City of Grand Rapids* 842 F.2d 903, 905 (6th Cir.1988) (citing *Wilson*, 471 U.S. at 268-71) (emphasis added). Contrary to Plaintiffs' arguments the relevant question is when a plaintiff should have known of the factual injury, not when a plaintiff should have known of a specific legal claim arising out of that injury. Here, Plaintiffs knew or should have known they were subject to improper sexual advances and unprivileged touchings at the time those actions occurred. Their federal claims therefore accrued at the time their injuries occurred.

Plaintiffs' state law claims are similarly untimely. Determining when a plaintiff should have known of his injury under Michigan law "is an objective standard based on an examination of the surrounding circumstances.... [A] plaintiff's cause of action accrues when, on the basis of objective facts, the plaintiff should have known of an injury, even if a subjective belief regarding the injury occurs at a later date." *Moll v. Abbott Labs*., 506 N.W.2d 816, 825 (Mich. 2002). In addition, Michigan law "compels strict adherence" to the general rule that "subsequent damages

do not give rise to a new cause of action. *Id.* The discovery rule applies to the discovery of an injury, not to the discovery of a later realized consequence of the injury." *Id*. (citing *Larson v. Johns–Manville Sales Corp*., 399 N.W.2d 1, 7 (Mich. 1986)). Because Plaintiffs should have known of their injuries at the time the alleged sexual harassment took place, their state law claims are barred.

**b.**

In an attempt to save their claims, Plaintiffs argue that their injuries were ongoing until the Work Program was granted judicial approval in October of 2013. It is undisputed that all of the relevant Plaintiffs were released from the Ogemaw County jail no later than February of 2012, and therefore had their last contact with the Work Program no later than February of 2012. Plaintiffs have cited no law or precedent suggesting that their claims were somehow tolled pending court approval of the jail rules and regulations.

To the extent Plaintiffs allege that they were subject to continuing violation of their rights and continued to accrue psychological and emotional damages until the work program was approved, their argument is without merit. A "continuous violation" occurs, and will extend the limitations period, if the defendant engages in continuing wrongful conduct; injury to the plaintiff accrues continuously; and had the defendant at any time ceased its wrongful conduct, further injury would have been avoided. *Hensley v. City of Columbus*, 557 F.3d 693, 697 (6th Cir. 2009). Importantly, "[A] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Tolbert v. State of Ohio Dep't of Transp*., 172 F.3d 934, 940 (6th Cir.1999) (quoting *National Advertising Co. v. City of Raleigh*, 947 F.2d 1158, 1166 (4th Cir.1991)). Plaintiffs concede that the alleged "psychological and emotional damage" that they continued to accrue was "caused by [the] sexual harassment". *See* Pl.'s Resp.

14. Because these allegations amount only to allegations of continuing effects from the original violation, Plaintiffs have not satisfied their burden of showing a continuing violation. The fact that a portion of Plaintiffs' resulting emotional damage may have been avoided had the Work Program been supervised or reformed after they were released from custody is therefore irrelevant for statute of limitations purposes.

**c.**

Finally, Plaintiffs' equitable tolling argument is without merit. *See* Pl.'s Resp. 15. In addition to borrowing the relevant state law statute of limitations, claims brought pursuant to § 1983 also borrow state provisions tolling statutes of limitations. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). Plaintiffs' federal and state claims are therefore subject to the same tolling rules.

Michigan law contains a comprehensive and exclusive statutory scheme that permits tolling in certain, specified circumstances. *See Trentadue v. Buckler Lawn Sprinkler*, 738 N.W.2d 664, 670-671 (Mich. 2007). Those circumstances include allegations of professional and medical malpractice, injuries arising out of unsafe property, and actions alleging that a person who may be held liable for a claim fraudulently concealed the existence of the claim or the identity of any person who is liable for the claim. *Id*. at 670. "The statutory scheme is exclusive," and Courts may not apply common law rules to toll limitations periods. *Chabad-Lubavitch of Michigan v. Schuchman*, 862 N.W.2d 648 (Mich. 2015); *See also Trentadue,* 479 Mich. at 407. Plaintiffs have not identified any Michigan statutory tolling rule that applies in this case, and therefore must be held to the legislatively enacted statute of limitations for both their state and federal claims.

Even if federal tolling principles applied to Plaintiffs' § 1983 claims Plaintiffs cannot show that they are entitled to equitable tolling. To be entitled to equitable tolling of a limitations period under federal law, a plaintiff "must show (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Plaintiffs essentially argue that their claims should be tolled because they were unaware of the legal basis for their cause of action. However, it is well established that a lack of understanding of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). Because equitable tolling does not apply, Plaintiffs' claims are untimely and will be dismissed.

**ii.**

The statute of limitations issues for Plaintiffs Edwards and Waterman-Rush are slightly more complicated. For the reasons stated above Plaintiffs Edwards' and Waterman-Rush's federal § 1983 claims and their state law claims of gross negligence, invasion of privacy, and negligent and intentional infliction of emotional distress are untimely. However, with regard to their state law assault and battery claims, Plaintiffs argue that a five year statute of limitations applies under Michigan Compiled Law § 600.5805(3). That provision provides that "[t]he period of limitations is 5 years for an action charging assault or battery brought by a person who has been assaulted or battered by his or her spouse or former spouse, an individual with whom he or she has had a child in common, or a person with whom he or she resides or formerly resided." The provision provides an exception to the two year statute of limitation that otherwise applies to charges of assault, battery, and false imprisonment under Michigan Compiled Law § 600.5805(2).

Plaintiff Edwards was in the custody of the Ogemaw County jail beginning in July of 2010, and served on the Work Crew. Edwards alleges that while on the work crew, Gustafson made various sexual advances to and performed various sexual acts on her, and ignored the fact that she was drinking alcohol. *See* Edwards Dep. 40, ECF No. 53-14 She also alleges that Gustafson provided her and her teenage daughter with various gifts. *Id*. at 70, 80. The parties agree that Plaintiff Edwards was released from the custody of the Ogemaw County Jail in October of 2010. *Id.* at 40. After testing positive for alcohol in violation of her parole conditions, Edwards was sent to the Department of Corrections' Boot-Camp, from which she was released on March 22, 2011. Following her release Edwards moved in with Defendant Gustafson. Edwards testified that she voluntarily moved in with Gustafson because "he was the only sober person [she] knew." *Id.* at 80. She remained at Gustafson's residence until May 6, 2011, at which time Gustafson reported her for again drinking in violation of her parole conditions and Judge Baumgartner of the 34th Circuit Court ordered her to leave. Edwards testified that nothing of a sexual nature occurred while she was residing with Gustafson. *Id*. at 89.

Plaintiff Waterman-Rush was incarcerated in Ogemaw County beginning on July 7, 2010. *See* Waterman-Rush Dep. 26, ECF No. 53-16. She testified that she served time in the Work Program, during which Gustafson touched her sexually on multiple occasions. *Id*. Waterman-Rush was transferred to the Saginaw County jail in September 2011. *Id*. Following her transfer she and Gustafson remained in contact, and Gustafson allegedly deposited money into her jail account. Upon her release from the Saginaw County jail in December of 2011, Waterman-Rush also moved into Gustafson's residence, where she remained for four to six months. *Id*. at 78-79, 126. Waterman-Rush testified that she voluntarily moved in with

Gustafson because he did not own any guns. *Id.* at 58, 138. During that time she usually slept on the couch, but engaged in some voluntary sexual contact with Gustafson and received money and gifts from him, including over $8,000 for a dental bill and $1,500 for back child support. *Id.* at 78-80. She eventually moved when their relationship ended and Judge Baumgartner ordered her to leave. *Id.* at 126-27.

Whether the five year statute of limitations applies where a plaintiff moves in with a defendant after the alleged assault and battery occurs appears to be a novel question under Michigan law. So too is the question of the extent to which a person in custody can consent to sexual acts with a custodial supervisor for the purpose of a Michigan assault and battery claim.

While a federal court may exercise supplemental jurisdiction over a plaintiff's state law claims if they form part of the same controversy as the federal claim, *see* 28 U.S.C. § 1367(a), a federal court may decline to exercise supplemental jurisdiction over a claim if "the claim raises a novel or complex issue of State law". 28 U.S.C. § 1367(c). Under Federal Rule of Civil Procedure 21 a Court may *sua sponte* add or drop a party, or sever any claim against a party. Because their federal claims against Defendants OCBC and Hanft will be dismissed with prejudice, and because their state law assault and battery claims raise novel issues of state law, the Court declines to exercise supplemental jurisdiction over Plaintiffs Edwards and Waterman-Rush's assault and battery claims. Those claims will be severed and dismissed without prejudice.

### iii.

Defendant Gustafson has defaulted in this action, and has not raised any statute of limitations challenges to Plaintiffs' claims. For this reason, and because statute of limitations defenses are non-jurisdictional and may be waived, the Plaintiffs' claims against Gustafson

survive at this time. *Day v. McDonough*, 547 U.S. 198, 209 (2006) (reaffirming that statute of limitations defenses are not jurisdictional).

## C.

Defendants OCBC and Hanft also move for summary judgment on the claims of Plaintiff Conner. After violating her parole, Conner began serving a nine-and-a-half month sentence in February of 2013. *See* Conner Dep. 27, ECF No. 53-18. She spent four-and-a-half months of her sentence on the Work Crew, from March to August. *Id*. While on the Work Crew, Conner engaged in a voluntary sexual relationship with another inmate on the Work Crew, Jerry Boon. *Id*. at 55-56. The sexual encounters always took place in a shed next to the concession stand of the Little League Field at night after the Little League games had ended. *Id*. at 64, 67. As a result of the relationship Conner became pregnant. *Id*. When Sergeant Stahl approached her about rumors of her sexual activities and asked her if she was having sex with another inmate while on the Work Program, she denied that she was, allegedly because she was scared that she was going to get into trouble. *Id*. at 56-57. Plaintiff Connor does not allege that she was ever subject to sexual harassment or sexual touching by Defendant Gustafson. *Id*. at 71. She also does not allege that her privacy was invaded or that she was discriminated against because of her sex. *Id*. at 72. Plaintiffs have not provided any response to Defendants' motion for summary judgment on Conner's claims.

Because Plaintiff Conner was not subject to any sexual harassment or touching by Defendant Gustafson, Plaintiff's allegations do not give rise to any of the state law claims as pled in Plaintiffs' amended complaint. Summary judgment will therefore be granted to the extent Plaintiff Conner states claims of gross negligence, assault and battery, invasion of privacy, and negligent and intentional infliction of emotional distress.

As to the § 1983 Eighth Amendment claim, Conner argues that Defendants are liable for the damages she incurred from her pregnancy because they failed to properly supervise her. The Eighth Amendment prohibits cruel and unusual punishment in penal institutions. Whether a specific act constitutes cruel and unusual punishment is measured by "the evolving standards of decency that mark the progress of a maturing society." *Hudson v. McMillian*, 503 U.S. 1, 8, (1992). Evaluating such claims requires the Court to ask whether "the officials acted with a sufficiently culpable state of mind, and if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id*. at 8 (quotation marks and citations omitted).

Defendants OCBC and Hanft argue that Conner's § 1983 claim should be dismissed because Conner's sexual activities were consensual, Conner lied to Sergeant Stahl when he attempted to investigate her sexual activities, and because she never filed a written or oral complaint. In *Hall v. Beavin*, 202 F.3d 268 (6th Cir. 1999), the Sixth Circuit held that an inmate's voluntary sexual relationship with a prison employee, while inappropriate, was not actionable under the Eighth Amendment. *But see Wood v. Beauclair,* 692 F.3d 1041 (9th Cir. 2012) (holding that a prisoner alleging sexual abuse by a prison guard in violation of the Eighth Amendment is entitled to a presumption that the conduct was not consensual).

Conner's allegations are a step removed, as she does not allege sexual activities with a prison guard, but with another inmate. She also acknowledges that the activities were consensual. Because Conner consented to the sexual activities she has not established any cruel or unusual punishment objectively harmful enough to establish a constitutional violation, or that Defendants OCBC or Hanft perpetrated the alleged wrongdoing with sufficiently culpable states of mind. Defendants OCBC and Hanft's motion for summary judgment will therefore be granted as to Conner's § 1983 claim.

- 15 -

### III.

Accordingly, it is **ORDERED** that Defendants OCBC and Hanft's motion for summary judgment, ECF No. 53, is **GRANTED IN PART**.

It is further **ORDERED** that the claims of Plaintiffs Olstrom, Miles, Bahr, Grisham, McElroy, Terkawi, and Conner are **DISMISSED with prejudice** as to Defendants OCBC and Hanft**.**

It is further **ORDERED** that the claims of Plaintiff Beach are **DISMISSED with prejudice** as to all Defendants.

It is further **ORDERED** Plaintiffs Edwards's and Waterman-Rush's Counts 1 (§ 1983), 2 (gross negligence), 4 (invasion of privacy), and 5 (negligent and intentional infliction of emotional distress) are **DISMISSED with prejudice** as to Defendants OCBC and Hanft**.**

It is further **ORDERED** Plaintiffs Edwards's and Waterman-Rush's Count 3 (assault and battery) are **SEVERED** and **DISMISSED without prejudice**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 15, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 15, 2016.

s/Michael A. Sian
MICHAEL A. SIAN