UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STACY MCINTYRE, et al.

                Plaintiffs,                Case No. 15-cv-12214

v                                               Honorable Thomas L. Ludington

OGEMAW COUNTY BOARD OF
COMMISSIONERS, et al.,

                Defendants.

_____/

## ORDER DIRECTING PLAINTIFFS TO FILE SUPPLEMENTAL BRIEF

On June 18, 2015 Plaintiffs filed this putative class action on behalf of all female inmates of the Ogemaw County Jail who participated in a certain Job Work program (the "Work Program"), or elected not to participate in the Work Program due to fears of constitutional violations related to the program. *See* ECF No. 1. The Defendants identified by Plaintiff were Ogemaw County Board of Commissioners ("OCBC"), Howie S. Hanft, and James Raymond Gustafson. *Id.* Plaintiffs filed an amended complaint on August 18, 2015, alleging that Gustafson, a former employee of the Ogemaw County Sheriff Department, assaulted, battered and sexually harassed female inmates who were incarcerated at the Ogemaw County Jail and involved in the Work Program. *See* Am. Compl, ECF No. 13. Plaintiffs alleged five counts arising from Defendants' conduct: (1) Deprivation of civil rights in violation of 42 U.S.C. § 1983; (2) Gross negligence; (3) Assault and battery; (4) Invasion of privacy; and (5) Negligent and Intentional infliction of emotional distress. *Id.* Plaintiffs have since disclaimed their class action request, and have proceeded only on their individual claims.

**I.**

Defendant Gustafson was served on July 14, 2015, but did not file an answer. *See* ECF No. 14. Accordingly, on August 19, 2015 Plaintiffs filed a request for default as to Defendant Gustafson. *See* ECF No. 15. In compliance with Eastern District of Michigan Local Rule 55.1, Plaintiff's request properly included the manner of service and location where the Defendant was served. *Id.* Accordingly, on August 20, 2016 the clerk entered default as to Defendant Gustafson. *See* ECF No. 16. The clerk certified that Defendant was served with the notice of default. *Id.*

On September 15, 2016 summary judgment was granted in favor of Defendant with regard to a number of Plaintiffs facing procedural bars. *See* ECF No. 60. On November 4, 216 the parties notified that Court that they had reached a settlement with the non-defaulted Defendants. A stipulated order of dismissal as to the non-defaulted Defendants was entered on January 30, 2017. *See* ECF No. 74.

On February 9, 2017 Plaintiffs filed a motion for default judgment as to Defendant Gustafson pursuant to Federal Rule of Civil Procedure 55(b)(2). *See* ECF No. 75. In their motion, Plaintiffs ask that damages be awarded in the following amounts:

| | |
|---|---|
| Stacy McIntyre: | $50,000 compensatory/ $10,000 exemplary |
| Candy Olstrom: | $50,000 compensatory/ $10,000 exemplary |
| Heather Miles: | $50,000 compensatory/ $10,000 exemplary |
| Laurie Bickel | $50,000 compensatory/ $10,000 exemplary |
| Misty Lynn Edwards: | $50,000 compensatory/ $10,000 exemplary |
| Krystal Waterman-Rush: | $50,000 compensatory/ $10,000 exemplary |
| Tina Bahr: | $25,000 compensatory/ $10,000 exemplary |
| Tammy McElroy: | $25,000 compensatory/ $10,000 exemplary |

   April Morgan:     $25,000 compensatory/ $10,000 exemplary

   Tina Terkawi:     $25,000 compensatory/ $10,000 exemplary

   Candice McCarthy:    $25,000 compensatory/ $10,000 exemplary[1]

*See* ECF No. 75. In sum, Plaintiffs seek $425,000 in compensatory damages and $110,000 in exemplary damages.

## II.

A judgment by default may be entered against a defendant who has not pleaded or otherwise defended against an action. Fed. R. Civ. P. 55(b). Before a default judgment may enter, a party first must obtain a default. Fed. R. Civ. P. 55(a). Once a default is entered, the defendants are considered to have admitted the well pleaded allegations in the complaint, including jurisdiction. *Ford Motor Company v. Cross*, 441 F.Supp.2d 837, 845 (E. D. Mich. 2006) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)). Here, Plaintiffs properly obtained a default against Defendant Gustafson, and the clerk certified that a notice of default was served on Defendant Gustafson.

After a party secures the entry of default, the party may apply for a default judgment. Fed. R. Civ. P. 55(b). In reviewing an application for a default judgment, "[t]he court may conduct hearings or make referrals … when, to enter or effectuate judgment, it needs to: (A) conduct and accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). If a party against whom default judgment is sought has appeared personally or by representative, "that party or its representative must be served with written notice of the application at least 7 days before the hearing." *Id*. While the well-pleaded factual allegations in the complaint are taken as

---

[1] As Plaintiffs have repeatedly been warned, Candice McCarthy was never properly included as a Plaintiff in this action. While Plaintiffs obtained leave to file an amended complaint adding her as a Plaintiff, no amended complaint was filed.

true when a defendant is in default, damages are not. *Ford Motor Company*, 441 F.Supp.2d at 848 (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). "Ordinarily, the District Court must hold an evidentiary proceeding in which the defendant has the opportunity to contest the amount [of damages]." *Antoine v. Atlas Turner, Inc*., 66 F.3d 105, 110 (6th Cir. 1995) (internal quotation and citation omitted). However, Rule 55 gives the court the discretion to determine whether an evidentiary hearing is necessary, or whether to rely on detailed affidavits or documentary evidence to determine damages. *Stephenson v. El Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008).

As noted above, whether default judgment is appropriate depends upon the well-pleaded allegations in a plaintiff's complaint. Here, ten Plaintiffs and a party who has not been included in a properly filed complaint seek default judgment against Defendant Gustafson. Lacking in Plaintiffs' amended complaint and their current motion are any specific factual allegations with regard to each Plaintiff. Problematically, while the complaint broadly asserts that Defendant Gustafson engaged in inappropriate and non-consensual touching of all Plaintiffs, at the time of their depositions it appears that at least one Plaintiff testified that she had consented to the touchings. *See, e.g.,* ECF No. 75 Ex. 14. Plaintiffs have also not established their legal theories. For instance, Plaintiffs have pled an invasion of privacy claim against Defendant Gustafson, asserting that "[t]he inappropriate and non-consensual touching of female inmates constituted an invasion of privacy." *See* Compl. ¶ 58. However, under Michigan law the tort of invasion of privacy does not apply to non-consensual touchings. Instead, the tort of invasion of privacy is intended to protect a plaintiff against (1) intrusion upon seclusion, solitude, or private affairs, (2) public disclosure of embarrassing private facts, (3) publicity placing the plaintiff in a false light, and/or (4) misappropriation of a plaintiff's name or likeness. *See Battaglieri v. Mackinac Ctr.*

*For Pub. Policy*, 680 N.W.2d 915, 919 (Mich. Ct. App. 2004) (quoting *Tobin v. Civil Service Comm.*, 331 N.W.2d 184 (Mich. 1982).

While Plaintiffs need not come forward with extensive evidence in support of their claims in order to obtain a default judgment, they do maintain the minimal burden of stating valid claims upon which relief can be granted. Plaintiffs will therefore be directed to submit a supplemental brief (including supplemental affidavits, if Plaintiffs seek to avoid the need for in-person testimony), setting forth (1) legal authority establishing that the five counts set forth in Plaintiffs' amended complaint are valid legal theories in light of Plaintiffs' factual allegations, and (2) specific factual allegations as to each Plaintiff demonstrating her entitlement to relief against Defendant Gustafson.

### III.

Accordingly, it is **ORDERED** that Plaintiffs are **DIRECTED** to submit a supplemental brief, not to exceed 25 pages, setting forth **(1)** legal authority establishing that the five counts set forth in Plaintiffs' amended complaint are valid legal theories in light of Plaintiffs' factual allegations, and **(2)** specific factual allegations as to each Plaintiff demonstrating her entitlement to relief against Defendant Gustafson. The brief must be submitted on or before **March 14, 2017.**

        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        United States District Judge

Dated: February 27, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 27, 2017.

        s/Michael A. Sian
        MICHAEL A. SIAN, Case Manager