UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STACY MCINTYRE, et al.

        Plaintiffs,                      Case No. 15-cv-12214

v                                         Honorable Thomas L. Ludington

OGEMAW COUNTY BOARD OF
COMMISSIONERS, et al.,

        Defendants.
_____/

**<u>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT</u>**

On June 18, 2015 Plaintiffs filed this putative class action on behalf of all female inmates of the Ogemaw County Jail who participated in a certain Job Work program (the "Work Program"), or elected not to participate in the Work Program due to fears of constitutional violations related to the program. *See* ECF No. 1. The Defendants identified by Plaintiff were Ogemaw County Board of Commissioners ("OCBC"), Howie S. Hanft, and James Raymond Gustafson. *Id.* Plaintiffs filed an amended complaint on August 18, 2015, alleging that Gustafson, a former employee of the Ogemaw County Sheriff Department, assaulted, battered and sexually harassed female inmates who were incarcerated at the Ogemaw County Jail and involved in the Work Program. *See* Am. Compl, ECF No. 13. Plaintiffs alleged five counts arising from Defendants' conduct: (1) Deprivation of civil rights in violation of 42 U.S.C. § 1983; (2) Gross negligence; (3) Assault and battery; (4) Invasion of privacy; and (5) Negligent and Intentional infliction of emotional distress. *Id.* Plaintiffs have since disclaimed their class action request, and have proceeded only on their individual claims.

**I.**

Defendant Gustafson was served on July 14, 2015, but did not file an answer. *See* ECF No. 14. Accordingly, on August 19, 2015 Plaintiffs filed a request for default as to Defendant Gustafson. *See* ECF No. 15. In compliance with Eastern District of Michigan Local Rule 55.1, Plaintiff's request properly included the manner of service and location where the Defendant was served. *Id.* Accordingly, on August 20, 2016 the clerk entered default as to Defendant Gustafson. *See* ECF No. 16. The clerk certified that Defendant Gustafson was served with the notice of default. *Id.*

On September 15, 2016 summary judgment was granted in favor of Defendants OCBC and Hanft with regard to a number of Plaintiffs facing procedural bars. *See* ECF No. 60. On November 4, 216 the parties notified that Court that they had reached a settlement with the non-defaulted Defendants. A stipulated order of dismissal as to the non-defaulted Defendants was entered on January 30, 2017. *See* ECF No. 74.

On February 9, 2017 Plaintiffs filed a motion for default judgment as to Defendant Gustafson pursuant to Federal Rule of Civil Procedure 55(b)(2). *See* ECF No. 75. In their motion, Plaintiffs ask that damages be awarded in the following amounts:

| | |
|---|---|
| Stacy McIntyre: | $50,000 compensatory/ $10,000 exemplary |
| Candy Olstrom: | $50,000 compensatory/ $10,000 exemplary |
| Heather Miles: | $50,000 compensatory/ $10,000 exemplary |
| Laurie Bickel | $50,000 compensatory/ $10,000 exemplary |
| Misty Lynn Edwards: | $50,000 compensatory/ $10,000 exemplary |
| Krystal Waterman-Rush: | $50,000 compensatory/ $10,000 exemplary |
| Tina Bahr: | $25,000 compensatory/ $10,000 exemplary |
| Tammy McElroy: | $25,000 compensatory/ $10,000 exemplary |

    April Morgan:       $25,000 compensatory/ $10,000 exemplary

    Tina Terkawi:       $25,000 compensatory/ $10,000 exemplary

*See* ECF No. 75. In sum, Plaintiffs seek $400,000 in compensatory damages and $100,000 in exemplary damages. Pursuant to a Court order, on March 24, 2017 Plaintiffs filed a supplemental brief, clarifying their legal theories and setting forth detailed factual allegations as to each individual plaintiff. *See* ECF No. 79. They have attached deposition testimony from each plaintiff. *Id*.

**II.**

A judgment by default may be entered against a defendant who has not pleaded or otherwise defended against an action. Fed. R. Civ. P. 55(b). Before a default judgment may enter, a party first must obtain a default. Fed. R. Civ. P. 55(a). Once a default is entered, the defendants are considered to have admitted the well pleaded allegations in the complaint, including jurisdiction. *Ford Motor Company v. Cross*, 441 F.Supp.2d 837, 845 (E. D. Mich. 2006) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)). Here, Plaintiffs properly obtained a default against Defendant Gustafson, and the clerk certified that a notice of default was served on Defendant Gustafson.

After a party secures the entry of default, the party may apply for a default judgment. Fed. R. Civ. P. 55(b). In reviewing an application for a default judgment, "[t]he court may conduct hearings or make referrals … when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). While the well-pleaded factual allegations in the complaint are taken as true when a defendant is in default, damages are not. *Ford Motor Company*, 441 F.Supp.2d at 848 (citing *Thomson v. Wooster*, 114

U.S. 104 (1885)). The Court must determine the propriety and amount of the default judgment where the damages sought are not for a sum certain. *See* Fed. R. Civ. P. 55(b). "Ordinarily, the District Court must hold an evidentiary proceeding in which the defendant has the opportunity to contest the amount [of damages]." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal quotation and citation omitted). However, Rule 55 gives the court the discretion to determine whether an evidentiary hearing is necessary, or whether to rely on detailed affidavits or documentary evidence to determine damages. *Stephenson v. El Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008).

Based on the deposition transcripts submitted by Plaintiffs and the specific facts set forth in the supplemental brief, Plaintiffs have stated claims that Defendant Gustafson deprived them of their constitutional rights pursuant to § 1983 (Count I) and committed assault and battery (Count III). The damages requested by Plaintiffs are reasonable. There is no need for an evidentiary hearing. Plaintiffs' motion for default judgment will be granted, and a default judgment will be entered against Defendant Gustafson.

### III.

Accordingly, it is **ORDERED** that Plaintiffs' motion for default judgment against Defendant Gustafson, ECF No. 75, is **GRANTED**. The judgment will enter separately.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 4, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 4, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager

---